IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 20-30 |
| | ) |
| RORY SHELTON | ) |

## UNITED STATES' SENTENCING MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Lee J. Karl, Assistant United States Attorney for said district, and respectfully submits the following Sentencing Memorandum to assist the Court in imposing a fair, reasonable, and just sentence.

### I.   BACKGROUND

The offense conduct described in the PSR accurately represents the facts of this case. As such, the United States incorporates that section of the PSR herein.

### II.   ARGUMENT

#### A.   Sentencing Procedure

The Third Circuit in United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006), has required district courts to follow a three step procedure when imposing a sentence. First, the district court must calculate the defendant's Sentencing Guidelines range without regard to departure motions. Id. at 247. In calculating the guideline range, this Court must make findings pertinent to the guideline calculation by applying the preponderance of the evidence standard, in the same fashion as was employed prior to the Booker decision. United States v. Grier, 475 F.3d 556 (3d Cir. 2007) (en banc). Second, the court must rule on the parties' motions for upward or downward departures. Id. Third, the district court must consider the factors enumerated in § 3553(a), and exercise its discretion to craft a sentence that is appropriate under the circumstances

of each particular case.  Id.  At the third step of the sentencing process, the court must consider the advisory guideline range along with all the pertinent considerations of sentencing outlined in 18 U.S.C. § 3553(a) in determining the final sentence.  The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors.  "[A] wrote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises a ground of recognized legal merit (provided it has a factual basis) and the court fails to address it."  Cooper, 437 F.3d 324, 329 (3d Cir. 2006) See also Rita v. United States, 127 S. Ct. 2456, 2468 (2007) (The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties arguments and has a reasoned basis for exercising his own legal decision making authority.); United States v. Schweitzer, 454 F.3d 197, 205-06 (3d Cir. 2006).

**B.    Child Pornography Crimes Warrant Stringent Sentences**

The law is clear that child pornography crimes warrant stringent sentences.  The Court of Appeals for the Third Circuit has expressed disapproval of extremely lenient, below guideline range sentences in these cases.  In United States v. Goff, 501 F.3d 250 (3d Cir. 2007), the district court sentenced a child pornography defendant to four months imprisonment and a term of supervised release, even though the applicable guideline range was 37 to 46 months.  The Third Circuit vacated the sentence and remanded for sentencing, holding that such a lenient sentence was unreasonable.  Id. at 262.  The court reasoned that the district court gave short shrift to the Sentencing Guidelines and did not properly consider a variety of 3553 factors. Specifically, the district court did not adequately consider the nature and circumstances of the offense, the need to promote respect for the law, the avoidance of unwanted sentencing disparities, and affording adequate deterrence.  Id. at 258.  Goff downplayed the seriousness of the offense by implying that

it was a victimless crime, which was a solitary, private activity that was driven by his curiosity of the subject. The Third Circuit sternly rejected these claims as follows:

> Children are exploited, molested, and raped for the prurient pleasure of Goff and others who support suppliers of child pornography. These small victims may rank as no one else in Goff's mind, but they do indeed exist outside his mind. Their injuries and the taking of their innocence are far too real. There is nothing casual or theoretical about the scars they will bear from being abused for Goff's advantage. Far from persuading us that Goff's crime was relatively minor, his efforts to downplay the harm his actions have inflicted on others serve chiefly to highlight the concern the District Court should have had with Goff's failure to appreciate the seriousness of the offense.

Id. at 258-59. Goff argued that he was entitled to a downward departure/variance because he never acted out in any sexual way with children. Id. at 259. The Third Circuit forcefully dispatched this assertion by reasoning:

> He was not charged with molestation, so pointing out that he hadn't committed it is, in one sense irrelevant. In another more important sense, however, it does say something meaningful, albeit not what the defense intended. While the defense effort to draw a spectator-vs-participant distinction does not show that Goff's pornography crime was of less than ordinary severity, it does reemphasize that Goff failed to fully appreciate that severity. The simple fact that the images have been disseminated perpetuates the abuse initiated by the producer of the materials.

Id. The Court was also unpersuaded that Goff's allegedly exemplary life and charitable actions justified such a sentence. The district court's reliance upon Goff's lack of criminal history was also criticized because many child pornography defendants are first time offenders. Id. at 260-61. Lastly, the court noted that the district court failed entirely to consider the need for deterrence, which, in a child pornography case, serves to protect the children victimized by the material. Id. The logic of deterrence suggests that the lighter the punishment for downloading and uploading

child pornography, the greater the customer demand for it, and so the more it will be produced. Id. at 261 (citation omitted).

      **C.**     **Consideration Of The 3553(a) Factors**

            **1.**     **The Nature, Circumstances and Seriousness of the Offense**

Under Title 18, United States Code, Section 3553(a), the Court must consider several factors in fashioning a fair and just sentence. First, the nature, circumstances and seriousness of the offense must be considered. Congress has explicitly recognized that child pornography offenses are "crimes of violence". Congress understood that the children used in the production of child pornography were the primary victims when it passed legislation prohibiting the sexual abuse and exploitation of children through pornographic means. United States v. Boos, 127 F.3d 1207, 1210 (9th Cir. 1997). As stated above, the Third Circuit has expressly addressed the seriousness of child pornography crimes and the need for stringent sentencing.

The defendant has pled guilty to the serious crime of Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Section 2252(a)(4)(B), in a manner that has triggered several fact-based guideline enhancements. As accurately described in the Presentence Investigation Report, the following enhancements apply to this case: images involved prepubescent minors, sadistic and violent conduct, and possessing in excess of 600 images. The defendant's collection of child pornography in this case was large and disturbing. It included young toddlers and young children engaged in explicit and graphic sexual acts with adults. Through his conduct, the defendant contributed to the global child pornography market by searching for and collecting images and videos depicting the victimization and exploitation of children.

Additionally, it is important to give context to this case and the Defendant's child pornography collection.  As the Court was informed at the change of plea hearing, the Defendant traveled to Paducah, Kentucky and took a 16 year-old girl from her home.  He was 56 years-old at the time.  He brought her back to his one-room apartment in Glassport, Pennsylvania where law enforcement found her days later.  Subsequently, law enforcement obtained search warrants for the defendant's devices, which is when they found the child pornography.  They also found nude images of the 16-year old. The defendant was charged in state court related to this conduct, he pled guilty and was sentenced to a term of imprisonment.  By any measure, the Defendant's actions in both this case and the state case are extremely serious.

## 2. To Afford Adequate Deterrence

Pursuant to Section 3553(a)(2)(B) of the Guidelines, sentences must provide adequate deterrence to others.  "The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so the more will be produced."  United States v. Goldberg, 491 F.3d 668, 672 (7th Cir. 2007), quoted in Goff, supra, 501 F.3d at 261.

There is a critical need for the sentence to deter not only the defendant, but also any others who may be inclined to commit child pornography crimes.  Child pornography offenses are most often committed in private settings that are remote from their victims.  Such crimes are high-volume offenses that are drastically under reported.  In fact, unlike most crime victims, the victims of child pornography offenses, while generally cognizant of the trafficking and collection of their sexual abuse images, are not able to report the time or the location of these crimes to the police.  As a result, there is a premium on general deterrence because law enforcement officers, no matter how efficient and dedicated, will never be able to detect, let alone investigate and prosecute, more

than a small fraction of the child pornography crimes that are committed.  The defendant's sentence should, therefore, contain a period of imprisonment that not only disinclines him from engaging in further criminal behavior, but also is long enough to disincline others from attempting to commit crimes, particularly crimes against children.  In short, the public should know that crimes against children simply will not be tolerated.

The Court of Appeals for the Third Circuit has upheld a sentence of 100 months as procedurally and substantively reasonable for distribution and possession of material depicting the sexual exploitation of a minor.  United States v. Yard, 558 Fed. Appx. 231 (3d Cir. March 3, 2014).  In arriving at its sentence, the district court emphasized that the "primary sentencing factor in my view in this case is deterrence," and the "need to make clear that individuals who commit these crimes will go to jail for a significant period of time".  Id. at *237.

### 3. To Protect the Public From the Defendant

The defendant's child pornography collection reveals that he has a sexual interest in young children, and his decision to act in a criminal manner upon his sexual interest in children is a cause for serious concern.  Moreover, his willingness to travel to Kentucky and take a minor from her home is extraordinarily alarming.  The defendant is not a theoretical threat to the community.  He is a real threat.  As such, a significant sentence will protect the public, and children, from the defendant.

### 4. The Need to Provide Restitution

Three victims have submitted restitution requests.  As of the date of the memo, no agreements have been reached, but the parties are working towards a resolution.

For the forgoing reasons, the United States respectfully submits that a guideline range sentence in this case is sufficient, but not greater than necessary, to achieve the purposes of sentencing.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

/s/ Lee J. Karl
LEE J. KARL
Assistant U.S. Attorney
U.S. Post Office and Courthouse
700 Grant Street, Suite 4000
Pittsburgh, Pennsylvania 15219
(412) 644-3500 (Phone)
(412) 644-4549 (Fax)
Lee.Karl@usdoj.gov
PA ID No. 87856